UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE CO, | * | |
| as subrogee of | * | CIVIL ACTION NO. |
| SHAKEDOWN 6O LLC, | * | |
| | * | |
| Plaintiff, | * | SECTION |
| | * | |
| | * | |
| | * | JUDGE |
| | * | |
| | * | |
| | * | MAGISTRATE |
| JOE DURHAM, | * | |
| SPENCER CENTURION 74 LLC, | * | |
| AND JUSTIN DRUMMOND | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

*******************************************************

**COMPLAINT FOR DAMAGES**

Plaintiff, New Hampshire Insurance Co, as subrogee of Shakedown 60, for their Complaint for Damages, respectfully represent as follows:

**THE PARTIES**

1.      Plaintiff, New Hampshire Insurance Co., hereinafter referred to as "New Hampshire," is an Illinois corporation with its principal place of business located in New York, and at all times material hereto, insured the 2005 60'B&D Boatworks vessel named SHAKEDOWN under policy number YM 5 317-43-06.

2.      Defendant, Joe Durham, hereinafter referred to as "Durham" is an individual, who, upon information and belief, resides in La Porte, Texas.

3.      Defendant, Spencer Centurion 74 LLC, hereinafter referred to as "Centurion" is a Texas Limited Liability Company, with its principal place of business located in La Porte, Texas.

4.    Defendant Justin Drummond, hereinafter referred to as "Drummond" is an individual, who, upon information and belief, resides in Harlingen, Texas.

## JURISDICTION AND VENUE

5.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A §1333 and Fed. R. Civ. P. 9(h) of the Federal Rules of Civil Procedure.

6.    Venue is property in this district pursuant to 28 U.S.C.A. § 1391(b).

## FACTS

7.    On or about June 13, 2021, Quantified (Hull Identification Number GDGS6418E303), a vessel owned by Defendant Durham, was being operated near the Drilling Platform Perdido in the Gulf of Mexico.

8.    In the alternative, on or about June 13, 2021, Quantified (Hull Identification Number GDGS6418E303), a vessel owned by Defendant Centurion, was being operated near the Drilling Platform Perdido in the Gulf of Mexico.

9.    Upon information and belief, Defendant Drummond was operating Quantified under power near other vessels that were not under power.

10.    Upon information and belief, the vessel Shakedown, owned by Shakedown 60 LLC, was near the Drilling Platform Perdido and was not with power in and around the time Quantified was in the area.

11.    Upon information and belief, the vessel Quantified, while it was being operated by Defendant Drummond, was weaving in and out of other boats and crashed into Shakedown, thus causing damages.

12.    The weather conditions on June 13, 2021 were clear and good.

13.    The incident occurred as a result of each individual Defendant's negligence, lack of due care and/or the unseaworthiness of Quantified.

14.    As a result of the incident, Shakedown sustained significant damage and had to be repaired.

15.     The damage to Shakedown was paid for by Plaintiff under the insurance policy referenced above.

16.     The incident and the proximately resulting damages occurred during operation of Quantified and was caused solely by, and due wholly to, the joint negligence, error and/or lack of due care of the Defendants, their agents, servants, and employees, acting in the course and scope of their agency or employment, and the negligence, error, fault and/or the unseaworthiness of Quantified.

17.     Plaintiff has suffered, and may continue to suffer, damages as a result of the Defendants' actions, including but not limited to the following:

a.     Physical damages;

b.     Loss of use;

c.     Repair costs, and;

d.     Any and all other damages established at the trial of this matter.

18.     As a result of the damage caused by the Incident, New Hampshire was obligated to, and did, pay for damages incurred to Shakedown.  As a result of said payments, and any payments made in the future, New Hampshire is subrogated to the rights of Shakedown 60, LLC to the extent of all payments made.

## FIRST CAUSE OF ACTION – NEGLIGENCE

19.     The allegations contained in Paragraphs 1-18 are realleged and are incorporated herein by reference.

20.     The subject Incident and resulting damages were due solely to the fault and the negligent acts of the Defendants, which were the proximate cause of the incident and the damages suffered by Shakedown 60, LLC and New Hampshire, including, without limitation, in the following particulars:

a.     Quantified was not maned with a competent captain and crew;

b.     Quantified, its master, and crew failed to keep a proper lookout;

3

c.   Those in charge of Quantified, including but not limited to the officers and crew, were inattentive in their duties;

d.   Defendants failed to follow established international and/or United States collision and/or navigation rules and regulations, safety policies and procedures designed to prevent collisions such as the one that occurred in this case, and;

e.   Any other particulars which will be established at the trial of this matter.

21.   As a direct and proximate result of Defendants breach of their duties owed to Shakedown 60 LLC, Quantified struck Shakedown, causing significant damage to same for which New Hampshire was obligated to pay pursuant to its policy of insurance issued to Shakedown 60, LLC.

22.   Defendants, as owners and operators of Quantified, are presumed to be at fault in this allision, all as provided for under the application of the *Oregon Rule.*

23.   Plaintiffs specifically plead the *Pennsylvania Rule*, to the extent statutory violations occurred.

24.   Plaintiff pleads the doctrine of *res ipsa loquitor*.

25.   Plaintiff seeks and demands pre-judgment interest from the time of the incident under general maritime law.

26.   Based upon the foregoing, Plaintiff is entitled to a judgment holding Defendants solely liable for all damages sustained by Plaintiff as described herein.

WHEREFORE, considering the foregoing, Plaintiff prays:

a.  That Defendants, Durham, Centurion, and Drummond be summoned to appear and answer the allegations of this Complaint;

b.  That after due proceedings, Plaintiff have judgment against Defendants, Durham, Centurion, and Drummond for all damages resulting from the matters described herein and all liability and expenses incurred by Plaintiff in an amount to be proven at trial, plus interest (pre-judgment and post-judgment), costs and attorneys' fees, and;

c.  For all such other relief that this Court deems fit and proper.

Respectfully Submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

_____

Aaron Conrardy
Texas Bar No.: 24092279
Primary: aconrardy@butler.legal
Secondary: swilliams@butler.legal
George A. McMullin, ESQ.
Texas Bar No.: 24096738
Primary: gmcmullin@butler.legal
Mail Center:  400 Ashley Drive
                        Suite 2300
                        Tampa, FL 33602
Telephone:    (469) 857-7870
Facsimile:     (214) 812-9226
*Attorney for Plaintiff*

5

6

**SUMMONS TO BE ISSUED**:

**Joe Durham**
225 S 17th Street
La Porte, Texas 77571
Or wherever Defendant Durham may be found

**Spencer Centurion 74, LLC**
Via its registered agent
James Clancy
802 N Carancahua, STE 1900
Corpus Christi, Texas 78401

**Justin Drummond**
1402 Oak Ct.
Harlingen, Texas 78550
Or wherever Defendant Drummond may be found